**MICROSOFT CORPORATION, Plaintiff,**

v.

**YOKOHAMA TELECOM CORPORATION, et al., Defendants.**

No. SA CV 97–0775–GLT SF.

United States District Court, C.D. California.

Feb. 5, 1998.

Jane H. Barrett, Preston Gates & Ellis LLP, Los Angeles, CA, for Plaintiff.

Stephen F. Dial, Anaheim, Hills, CA, for Defendant.

## ORDER GRANTING SUMMARY ADJUDICATION

TAYLOR, District Judge.

The court holds the broad wording of California's privileged publication statute, California Civil Code § 47(d), can accord an absolute privilege to a litigant's paid newspaper announcement of a lawsuit's allegations.

### I. *BACKGROUND*

Microsoft Corporation sued defendants for copyright and trademark infringement. Defendant Yokohama counterclaimed, contending it was damaged by an allegedly defamatory paid announcement published by Microsoft in the Shih Chie Jin-pao or *World Daily* newspaper.

The announcement was directed at computer system builders and warned of Microsoft's ongoing anti-piracy investigation and enforcement program. Among others, the announcement identified Yokohama as a company "alleged to have distributed counterfeit Microsoft products to undercover investigators."

Microsoft has moved on privilege grounds for summary adjudication of Yokohama's defamation counterclaim.

## II.  DISCUSSION

California law defines several areas which are absolutely privileged from defamation actions.  Here, Microsoft contends the publication absolute privilege in Cal. Civ.Code § 47(d) protects its paid announcement in the *World Daily*.[1]

■ There is no dispute over the content of Microsoft's announcement in the *World Daily*.  Therefore, whether or not a privilege exists under § 47(d) in this case is a question of law appropriate for summary adjudication. *See Dorsey v. National Enquirer, Inc.*, 952 F.2d 250, 254 (9th Cir.1991); *Howard v. Oakland Tribune*, 199 Cal.App.3d 1124, 1128, 245 Cal.Rptr. 449 (1988).[2]

Under Cal. Civ.Code § 47(d), "[a] privileged publication or broadcast is one made ... [b]y a fair and true report in, or a communication to," a public journal, of a judicial, legislative, or other public official proceeding.  In the context of judicial proceedings, this privilege is very broad.  *See Dorsey v. National Enquirer, Inc.*, 973 F.2d 1431 (9th Cir.1992) (protecting statements made by the participants in a civil lawsuit outside the proceeding); *Good Government Group of Seal Beach, Inc. v. Superior Court*, 22 Cal.3d 672, 684, 150 Cal.Rptr. 258, 586 P.2d 572 (Cal.1978) (recognizing the definition of "fair and true" must not infringe on free speech).  This Court concludes that, under the broad and generalized wording selected by the California legislature, Microsoft's paid publication is privileged.

### A.  *Fair and True*

■ To be privileged, Microsoft's announcement must be "fair and true."[3]  A publication is "fair and true" if it captures the substance of the judicial proceedings being reported.  *Kilgore v. Younger*, 30 Cal.3d 770, 777, 180 Cal.Rptr. 657, 640 P.2d 793 (Cal.1982).  The publication, however, need not resolve the merits of the charges or even present the defendant's version of the facts to invoke the privilege.  *Rollenhagen v. City of Orange*, 116 Cal.App.3d 414, 427, 172 Cal. Rptr. 49 (1981).[4]  Only if the character of the publication deviates so substantially from the judicial proceeding "that it produces a different effect on the reader will the privilege be suspended." *Crane v. Arizona Republic*, 972 F.2d 1511, 1519 (9th Cir.1992).

■ Microsoft's paid announcement in the *World Daily* stated: "The following companies are alleged to have distributed counterfeit Microsoft products to undercover investigators: ... Yokohama Telecom Corporation, Anaheim."  This announcement captures the substance of, and does not deviate from, the allegations in Microsoft's Complaint.  The remainder of the anti-piracy announcement discusses Microsoft's efforts to fight counterfeiting and potential counterfeiting penalties.  The announcement does not produce a different effect on the reader than would reading the complaint.  This Court holds Microsoft's announcement was "fair and true."

### B.  *Report in, or Communication to, a Public Journal*

■ To be privileged, Microsoft's announcement must be a "report in, or a communication to" a public journal.  Cal. Civ.

---

**1.**  Microsoft also asserts privilege under the common interest exception in Cal. Civ.Code § 47(c).  Here, success under § 47(c) appears unlikely because it appears the *World Daily* is not directed solely to "interested persons," but is a publication of general readership. *See, Rancho La Costa, Inc. v. Superior Court*, 106 Cal.App.3d 646, 664–65, 165 Cal.Rptr. 347 (1980).

**2.**  Defendant's argument that Microsoft's announcement must qualify under the litigation privilege of Cal. Civ.Code § 47(b) is incorrect.  According to the California Supreme Court, the litigation privilege does not apply to republication to nonparticipants in the judicial proceed-

ing. *Silberg v. Anderson*, 50 Cal.3d 205, 219, 266 Cal.Rptr. 638, 786 P.2d 365 (Cal.1990).

**3.**  No case has yet held whether the "fair and true" requirement of § 47(d) applies to a *communication to* a public journal as well as a *report in* a public journal.

**4.**  As an absolute privilege, § 47(d) applies regardless of whether the publication was made with malice or bad faith. *McClatchy Newspapers, Inc. v. Superior Court*, 189 Cal.App.3d 961, 976, 234 Cal.Rptr. 702 (1987).

Code 47(d). Under the broad wording of California's statute, it was the former.

Microsoft's announcement was not a "communication to" a public journal. Here, Microsoft paid to have the announcement published for the public to read. To arrange for publication, Microsoft had to communicate *with* the *World Daily*. But transmittal of the announcement to the paper and the administrative arrangements to have it run were not a "communication to" the journal. Rather, it was a communication to the *public* by means of the journal.

Microsoft's announcement was, however, a "report in" a public journal.[5] Microsoft bought space in the *World Daily* to print its announcement so the public would see it. *World Daily* acted as the vehicle for Microsoft's "report in" a public journal. The statute's wording does not require that the journal be the author of the report.

▆▆▆ Defendant contends § 47(d) is not available to Microsoft because it purchased space for the announcement. This is incorrect. Simply because Microsoft purchased access does not limit the reach of § 47(d) as presently drafted.[6] The statute does not distinguish between unpaid news stories and paid announcements.

The broad effect of Cal. Civ.Code § 47(d)'s plain language is to accord an absolute privilege to Microsoft's paid newspaper announcement of a lawsuit's allegations. If this privilege is too broad, any change must be made by the California legislature, not the court.

### III. *DISPOSITION*

Plaintiff's paid announcement is privileged. Plaintiff's motion for summary adjudication of the defamation counterclaim is GRANTED.

---

5. A "report" is an account or statement. Webster's Revised Unabridged Dictionary (1997). Microsoft's announcement describes the pending judicial proceeding, and constitutes a "report."

6. This result is consistent with constitutional principles. Profit motive does not strip publishers of otherwise available constitutional protection. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 265–66, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Although commercial speech is a second-class right which receives less scrutiny than other first amendment claims, *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 771–72 n. 24, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976), Microsoft's announcement is not commercial speech. *See Board of Trustees of State University of New York v. Fox*, 492 U.S. 469, 473–74, 109 S.Ct. 3028, 106 L.Ed.2d 388 (1989) (narrowly defining commercial speech as "propos[ing] a commercial transaction"). Microsoft's announcement did not propose a commercial transaction. Therefore, the fact Microsoft purchased space for its announcement does not strip it of available protections.